**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. |
| DENNIS ARNO JAMIESON | **3-18CR-253-S** |

## FACTUAL RESUME

In support of Dennis Arno Jamieson's plea of guilty to the offense in Count One of the Information, Jamieson (the defendant), David Finn (the defendant's attorney), and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the information, charging a violation of 18 U.S.C. § 1343, that is, Wire Fraud, the government must prove each of the following elements beyond a reasonable doubt:

*First.*     That the defendant knowingly devised or intended to devise a scheme to defraud as described in the information;

*Second.*     That the scheme to defraud employed false material representations, pretenses, and promises;

*Third.*     That the defendant transmitted or caused to be transmitted by means of wire communications, in interstate commerce, any writing, sign, signal, picture, or sound for the purpose of executing the scheme;

*Fourth.*     That the defendant acted with a specific intent to defraud.

Source:     Fifth Circuit Pattern Jury Instructions § 2.57 (2015 ed.)

## STIPULATED FACTS

1. As further described herein, starting in or about February 2014 and continuing through at least October 2015, the defendant, **Dennis Arno Jamieson**, engaged in multiple schemes and artifices to defraud and to obtain money or property through the use of the mails and interstate wires from Victim One and Victim Two, both entities known to the U.S. Attorney. Jamieson admits that as a result of the schemes and artifices to defraud, he improperly obtained approximately $2,593,574.10 from Victim One and approximately $355,000.00 from Victim Two.

### Victim One

2. Victim One is a company based in Rockwall, Texas, within the Northern District of Texas. D.B., a person known to the U.S. Attorney, is the president and owner of Victim One. Jamieson admits and agrees that he occupied a position of trust with Victim One and the employees of Victim One and that he abused that position of trust in order to effectuate the scheme and artifice to defraud.

3. Between February 2014 and December 2014, Jamieson deposited 16 checks drawn on accounts at BB&T controlled by Victim One into a bank account at Bank of America controlled by Jamieson. The total amount of the checks was $2,593,574.10. Each check was provided to Jamieson on the basis that he would deposit it into an account at Alliance Bank controlled by Victim One to be held in trust until time to make a payment to the Internal Revenue Service to cover payroll taxes for Victim One and Victim One's clients. Jamieson admits, however, he used the stolen funds for personal expenses and not as promised with D.B. in order to cover payroll taxes on behalf of

Victim One and Victim One's clients

4. As a particular example of Jamieson's scheme and artifice to defraud Victim One, on or about March 4, 2014, Jamieson, for the purpose of executing the foregoing scheme and artifice to defraud and to obtain money from Victim One by means of false and fraudulent pretenses, representations, and promises, did knowingly and with specific intent to defraud cause to be transmitted, by means of wire transmission in interstate commerce, a wire transfer of funds in the amount of $430,000.00. Jamieson wired the funds from a bank account he controlled in Florida as part of a purchase of a residence in Key West, Florida.

## Victim Two

5. Victim Two is a company based in Kennedale, Texas, within the Northern District of Texas. Starting in or about February 2014 and continuing through at least October 2015, Jamieson engaged in a similar scheme and artifice to defraud Victim Two of money and property. Jamieson admits and agrees that he occupied a position of trust with Victim Two and the employees of Victim Two and that he abused that position of trust in order to effectuate the scheme and artifice to defraud. Among other things, Jamieson worked on a contract basis to review Victim Two's financial statements and reconcile them with bank statements. Jamieson also ran financial reports and mentored the CEO of Victim Two on financial matters.

6. Jamieson made false representations to an employee of Victim Two in order to convince that employee to give money to Jamieson based upon false representations by him regarding his intention to repay the funds. Among other things,

Jamieson engaged in the following acts in furtherance of the scheme and artifice to defraud Victim Two:

- On or about February 3, 2014, Jamieson caused a $45,000 interstate wire transfer from Victim Two's bank account to a bank account controlled in part by Jamieson. Jamieson did not repay the funds as promised. Instead, two days later, Jamieson used some of those funds to pay property taxes on parcels of land owned by one of Jamieson's other business ventures.

- On or about October 1, 2015, Jamieson caused a $310,000 check drawn on Victim Two's account to be sent to him from Kennedale, Texas, to Key West, Florida, via interstate commercial carrier. The next day, Jamieson deposited the check into a bank account that he controlled and used the money for his personal benefit and gain. Jamieson never repaid the funds as promised.

----- **NOTHING FURTHER ON THIS PAGE** -----

7.  The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the information.

AGREED TO AND STIPULATED on this 16th day of May, 2018.

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
DENNIS ARNO JAMIESON
Defendant

_____
J. NICHOLAS BUNCH
Assistant United States Attorney
Deputy Section Chief
Texas Bar No. 24050352
1100 Commerce, Suite 300
Dallas, Texas 75242
Telephone: 214.659.8836
Facsimile: 214.767.4104
nick.bunch@usdoj.gov

_____
DAVID FINN
Attorney for Defendant

Factual Resume—Page 5